John L. Vratil, Legal Counsel Unified School District No. 229 Suite 150, Building 40 9401 Indian Creek Parkway Overland Park, Kansas 66210
Dear Mr. Vratil:
As legal counsel for Unified School District No. 229, you request our opinion regarding the authority of, and procedure for, a recreation commission to acquire real property. Specifically, you ask: (1) whether the Blue Valley Recreation Commission is required pursuant to K.S.A. 1999 Supp. 12-1935 to seek voter approval for all capital expenditures, including the acquisition of real property; and (2) whether the Commission is prohibited from maintaining a fund balance in its budget, a portion of which is designated for the purpose of acquiring real estate or for making capital improvements.
A recreation commission is a creature of statute and has only such powers as are conferred upon it by statute, either expressly or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence. The Legislature has enacted a procedure for establishing a system of public recreation that sets forth the powers to be exercised by the governing board of such system. Determining the authority of the Blue Valley Recreation Commission (Blue Valley) to acquire real property and make capital improvements requires review of the statutes contained in this Act.
K.S.A. 1999 Supp. 12-1935 states in part:
 "(a) The recreation commission appointed by the Blue Valley unified school district No. 229 may petition the board of education of such school district to adopt a resolution proposing to make an annual levy not to exceed one mill upon all taxable tangible property within the taxing district for the purpose of creating a capital improvement fund to be used for the acquisition of sites, and for the constructing, equipping, repairing, remodeling and furnishing of buildings for recreation system purposes and to pay a portion of the principal and interest on bonds issued under the authority of K.S.A. 12-1774, and amendments thereto, by cities located in the taxing district. Upon receipt of such petition, the board shall adopt a resolution imposing such levy. No levy shall be made unless the proposal to make such levy is submitted to and approved by a majority of the qualified electors of the taxing district voting at an election thereon. Such election shall be called and held in the manner provided by the general bond law."
Applicable rules of statutory construction are set forth in In re Adoption of B.M.W.
 "It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Stated another way, when a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute."
K.S.A. 1999 Supp. 12-1935 is applicable only to Blue Valley. It provides for the establishment of a capital improvement fund, the manner in which it is to be funded, and the expenditures that may be made from the fund. Monies for the capital improvement fund are provided through an "annual levy not to exceed one mill upon all taxable tangible property within the taxing district." The monies raised through the levy may be used "for the acquisition of sites, and for the constructing, equipping, repairing, remodeling and furnishing of buildings for recreation system purposes. . . ." "No levy shall be made unless the proposal to make such levy is submitted to and approved by a majority of the qualified electors of the taxing district voting at an election thereon." By the plain and unambiguous language of the statute, voter approval for the levying of a tax to provide monies for the capital improvement fund established pursuant to K.S.A. 1999 Supp. 12-1935 is required. There is no other requirement in K.S.A. 1999 Supp. 12-1935 that voter approval be obtained prior to Blue Valley expending monies in its capital improvement fund to purchase real property or make other capital improvements designated in the statute. While Blue Valley is not required to obtain voter approval prior to allocating the monies in its capital improvement fund when the monies are spent for those purposes authorized in K.S.A. 1999 Supp.12-1935, Blue Valley is required to obtain the approval of the Board of Education for U.S.D. No. 229 prior to purchasing any real property.
K.S.A. 1999 Supp. 12-1927 requires Blue Valley to adopt an annual budget for the operation of the recreation system. Additionally, as a "taxing district or political subdivision of the state which is supported with tax funds," Blue Valley is a municipality subject to the budget law. Under these provisions, Blue Valley is required to "prepare a written budget properly itemized and classified by funds for the ensuing year." State statutes expressly recognize that a general fund, insurance fund, employee benefits contribution fund, and capital improvement fund are funds that may be maintained by Blue Valley. Whether Blue Valley may maintain another fund within its budget, the purpose of which would be to provide monies for the purchase of real property and paying costs of other capital improvements, requires determining whether recreation commissions in general have such authority.
The powers of a recreation commission are set forth in K.S.A. 1999 Supp. 12-1928.
 "Every recreation commission appointed pursuant to this act shall have the power to:
. . . .
 "(b) conduct the activities of the recreation system on any property under its custody and management, or, with proper consent, on any other public property and upon private property with the consent of the owners;
. . . .
 "(h) enter lease agreements for real and personal property. The term of any such lease shall not exceed 10 years. Any such lease agreement shall be subject to the approval of the city or school district to which the recreation commission certifies its budget; [and]
. . . .
 "(k) acquire title to personal property by purchase, bequest, gift or other donation and acquire title to real property by devise, gift or other donation. No real property may be purchased by the recreation commission appointed by the Blue Valley unified school district No. 229 without first obtaining the approval of the board of education of such school district. Whenever property owned by a recreation commission is sold, the proceeds shall be used for recreation purposes. . . ."
In 1988, the Attorney General addressed whether a recreation commission had the authority to lease property from a unified school district. It was noted that the authority to lease property could be derived from authority to purchase property. After reviewing the history of the Act authorizing establishment of recreation commissions, it was determined:
 "The legislature intended to preclude acquisition of real property by a recreation commission, unless such acquisition occurs by devise, gift or donation. This limitation of authority narrows the scope of a recreation commission's power to contract. Thus, a recreation commission is not authorized to lease real property from a unified school district."
In 1994, the Legislature amended the powers of a recreation commission, expressly authorizing a commission to "enter lease agreements for real and personal property . . . subject to the approval of the city or school district to which the recreation commission certifies its budget." In the same legislation, Blue Valley was authorized to petition for the levy of a tax for the purpose of funding a capital improvement fund. Through this legislation, Blue Valley became the only recreation commission with authority to establish a fund "to be used for the acquisition of sites, and for the constructing, equipping, repairing, remodeling and furnishing of buildings for recreation system purposes. . . ." All other recreation commissions remain restricted to acquiring real property through "devise, gift or other donation." The Legislature has not authorized recreation commissions in general to establish a fund, the monies of which may be used to purchase real property, nor provided a mechanism through which monies for such a fund may be raised. Nor has the Legislature authorized the establishment and funding of an additional fund to be used in undertaking the capital improvement projects listed in K.S.A. 1999 Supp. 12-1935. Therefore, Blue Valley may not establish another fund to be used for these purposes.
Further, monies contained in the funds of a municipality may not be diverted to another fund or used for purposes other than those for which the levies were made, unless specifically authorized to do so by State law. Monies included in the insurance fund may be used "to pay for insurance purchased for those purposes authorized under K.S.A. 75-6111. . . and to pay a portion of the principal and interest on bonds issued pursuant to K.S.A. 12-1774 . . .;" the employee benefits contribution fund may be used "for the purpose of paying the employer's share of any employee benefits, exclusive of salaries, wages or other direct payments to such employees, as may be prescribed in the resolution creating such funds." From these provisions, it is clear a recreation commission does not possess the authority to use monies in its insurance fund or employee benefits contribution fund for the purpose of purchasing real property.
Monies in a general fund may be expended to pay the ordinary current expenses of a government unit, as well as incidental expenses pertaining thereto, subject to statutory mandates and restrictions. As previously noted, the Legislature has restricted the manner in which a recreation commission may obtain real property. Given these restrictions, the purchase of real property by a recreation commission cannot be viewed as an ordinary or incidental expense of a recreation commission. Blue Valley, therefore, may not use monies in its general fund for the purpose of purchasing real property.
In review, levying a tax to make provision for a capital improvement fund established pursuant to K.S.A. 1999 Supp. 12-1935 requires voter approval. There is no other requirement in K.S.A. 1999 Supp. 12-1935 that voter approval be obtained prior to Blue Valley expending monies in its capital improvement fund to purchase real property or make other capital improvements designated in the statute. While Blue Valley is not required to obtain voter approval prior to allocating the monies in its capital improvement fund when the monies are spent for those purposes authorized in K.S.A. 1999 Supp. 12-1935, Blue Valley is required to obtain the approval of the Board of Education for Unified School District No. 229 prior to purchasing any real property. Blue Valley may not establish or use a fund other than its capital improvement fund for the purchase of real property or payment for capital improvement projects listed in K.S.A. 1999 Supp. 12-1935.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm